IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRETTLEY V. R., JR.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL,[1]<br>Commissioner of Social Security<br>Administration,<br><br>　　　　　Defendant. | Case No. 18-CV-361-JED-FHM |

## **REPORT AND RECOMMENDATION**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## **Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001);

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Andrew M. Saul, Commissioner of Social Security Administration, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff's June 12, 2017, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") David W. Engel was held February 12, 2018. By decision dated February 26, 2018, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on May 10, 2018. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

*Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 26 years old on the alleged date of onset of disability and 29 on the date of the ALJ's denial decision. He has a high school education and formerly worked as a bakery helper and hardware sales clerk. He claims to have been unable to work since February 1, 2016 as a result of degenerative disc disease of the lumbar spine, status post labral hip injury, history of left shoulder with rotator cuff tear and tendonitis, obstructive sleep apnea, status post deviated nasal septum reconstructive surgery, attention deficit hyperactivity disorder, anxiety disorder, post-traumatic stress disorder, panic disorder, unspecified depressive disorder, and obesity.

## The ALJ's Decision

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform light exertional work with a limitation of 2 hours combined total of walking and standing and the ability to sit for 6 hours with regular work breaks with some postural and reaching limitations. He is able to understand, remember, and carry out simple instructions in a work-related setting, is able to interact with co-workers and supervisors under routine supervision, but is unable to interact with the general public more than occasionally. [R. 20].

Although Plaintiff is unable to perform his past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that: the ALJ failed to properly consider the disability rating by the Department of Veterans Affairs (VA); the ALJ failed to perform a proper determination of the consistency of Plaintiff's testimony with the evidence of record; the ALJ failed to include all of Plaintiff's impairments in the RFC and hypothetical questioning of the vocational expert; and the number of jobs identified is not a sufficient number to qualify as alternative work in the national economy so as to satisfy the Commissioner's burden at step five of the evaluative sequence.[3]

---

[3] Plaintiff's allegations have been reworded and reordered to coincide with the evaluative sequence.

3

## Analysis

### Consideration of VA Disability Rating

There is no merit to Plaintiff's assertion that the ALJ erred in his treatment of his VA disability rating. Plaintiff's citations to case law as establishing the law in this Circuit all pre-date a change in the Commissioner's regulations which apply to this case.

The Commissioner's regulations concerning the consideration, analysis, and discussion of disability decisions made by other governmental agencies, including the VA, changed effective with claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1504, 916.904. Plaintiff's claim was filed on June 12, 2017 and is therefore subject to the new regulations. The relevant regulation applicable to Plaintiff's claim provides, in relevant part:

> [W]e will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental agency about whether you are disabled, blind, employable, or entitled to any benefits.

*Id*. The ALJ fully and accurately explained the foregoing in his denial decision. [R. 29]. The ALJ also made a detailed comparison of the VA disability program with the Social Security disability standards. [R. 29-30]. The undersigned finds that the ALJ committed no error with regard to his treatment of Plaintiff's VA disability rating.

### Consistency of Plaintiff's Testimony With The Medical Evidence.

Plaintiff argues that the ALJ failed to properly evaluate the consistency of his testimony with the record. An ALJ is required to evaluate the claimant's statements about the intensity, persistence, and limiting effects of reported symptoms. Social Security Ruling (SSR) 16-3 (2017), 2017 WL 5180304, outlines the process ALJ's are required to employ in evaluating such statements to fulfil the ALJ's obligations set out in the

4

Commissioner's applicable regulations, 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3).

SSR 16-3p states that in evaluating a claimant's symptoms:

> it is not sufficient for our adjudicators to make a single, conclusory statement that "the individual's statements about his or her symptoms have been considered" or that "the statements about the individual's symptoms are (or are not) supported or consistent."

2017 WL 5180304 at *10.  The SSR further states:

> The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.

*Id.*

The ALJ did not, as Plaintiff asserts, rely on meaningless boilerplate statements. Throughout the decision, the ALJ pointed to numerous instances when Plaintiff made inconsistent claims about his abilities and instances where his claims differed from the medical evidence.  The ALJ observed Plaintiff reported leaving his house one time per week, but drove himself to his part-time job. [R. 22].  The ALJ noted:  Plaintiff testified to using a cane but not needing it; stated he could lift 40 pounds; he worked part-time in 2016; he used stairs to enter/exit his apartment; and the record reflected mostly normal mental status and objective physical findings.  [R. 23].  The ALJ noted the lack of medical evidence of paralysis of the legs, back going out, and limited activities of daily living.  [R. 25].  In addition, the ALJ noted the mostly normal physical examinations, mostly normal mental status examinations, self-reported improvement on medications, and the lack of change of mental health medications despite allegedly worsening of symptoms.  [R. 30].

The undersigned finds that the ALJ adequately evaluated the consistency of Plaintiff's testimony with the record and further finds that the ALJ's conclusions are supported by substantial evidence.

### RFC Finding

Plaintiff asserts that the ALJ did not properly consider all of his impairments in formulating the RFC. [Dkt. 18, p. 6]. Plaintiff quoted the fallowing from the ALJ's decision:

> In sum, the above RFC assessment is supported by the abnormal MRI findings of the lumbar spine; mostly normal physical examination findings by Dr. Cornell, limited treatment for pain including medications, later prescribed can[e] by physical therapy, mostly normal mental statutes [sic] examinations, self-reported improved symptoms with medications, and lack of change to the mental health medications despite allege [sic] worsening of symptoms.

*Id*. The Plaintiff made the following assertion about the foregoing quoted statement: "The language giving the reasonings behind the 100% rating for depression would render one unemployable (T 188-189). *Id*. If what Plaintiff is trying to say is that the ALJ erred by failing to adopt the VA rationale for its disability rating of Plaintiff, that argument is rejected as already discussed.

Plaintiff lists pages in the medical record that contain information that Plaintiff states the ALJ failed to take into account. [Dkt. 18, p. 7]. The ALJ did not include every observation made about Plaintiff's medical status in his summary of the medical record.[4]

---

[4] Many of the pages Plaintiff referenced do not contradict the ALJ's summary of the evidence. For instance, Plaintiff cited 24 pages where it was recorded that Plaintiff had "fair insight and judgment." Aside from the absence of any discussion about how fair insight and judgment makes Plaintiff incapable of performing work at the RFC established by the ALJ, the undersigned observes that many of the cited pages reflect all or some combination of the following observations about Plaintiff's mental status: alert, oriented x 4, cooperative, well groomed, good eye contact, affect within normal limits, thought process goal directed, and there were no other mental status concerns. [R. 349, 374, 380, 387, 390, 406, 412, 435, 437, 444, and other pages cited at Dkt. 18, p. 7]. These same observations also accompany the pages where depressed, apathetic anxious, or agitated mood were recorded, and where blunted, agitated, or irritable affect and circumstantial, tangential, or distracted thought processes are recorded. *See*, pages cited at Dkt. 18, p. 7].

6

However, the ALJ's summary of the evidence accurately captured the overall picture. [R. 19, 24-28]. The ALJ's limitation of Plaintiff to performing work involving the understanding, remembering, and carrying out of simple instructions under routine supervision is supported by substantial evidence, including the opinions of the state agency reviewing experts. [R. 93, 111].

Plaintiff also argues that the ALJ did not fully take into account his physical history and impairments. Plaintiff states that the ALJ failed to take into account a history taken by one of Plaintiff's physicians, Dr. Cornell. The ALJ was required to formulate an RFC, which is the most Plaintiff can do despite his impairments. The RFC is based on all the relevant medical and other evidence. 20 C.F.R. § 404.1545, 416.945. Plaintiff does not explain how the history listed by Dr. Cornell addresses the finding about the most Plaintiff can do despite his impairments.

Plaintiff also asserts that the ALJ failed to take into account an assessment made on a home visit by an Occupational Therapist. [R. 775-780]. In that assessment, Plaintiff scored poorly on a World Health Organization Disability Assessment Schedule. [R. 779-780]. Plaintiff asserts that this assessment was an uncontroverted piece of evidence that the ALJ failed to discuss. [Dkt. 18. P. 8]. The undersigned finds that the Assessment was not uncontroverted as demonstrated by the ALJ's discussion of the objective medical evidence which showed that Plaintiff was less impaired than suggested by that Assessment. [R. 23-25].

There is no requirement that an RFC be supported by uncontroverted evidence. Rather, the ALJ's findings and decisions must only be supported by substantial evidence, and the court is prevented from reweighing the evidence. Recently in *Biestek v. Berryhill*,

—U.S. —, 139 S.Ct. 1148 (2019), the United States Supreme Court restated the limits of the court's authority to review the Commissioner's decisions under 42 U.S.C. § 406(g):

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations.

*Biestek*, 139 S.Ct. at 1154 (further citation omitted). The Court further stated, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Id*. According to the Supreme Court, substantial evidence "means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (further citation and quotation omitted). The undersigned finds that the ALJ's RFC determination is supported by substantial evidence.

Plaintiff suggests that the ALJ erred because the state agency reviewing experts found Plaintiff to have moderate limitations in concentration, persistence, or pace, [R. 85, 102], whereas the ALJ found Plaintiff to have a mild limitation in this area. [Dkt. 18, p. 8]. There is no merit to this suggestion. The findings that Plaintiff refers to were made in connection with performing the required screening procedure for mental impairments which is known as the psychiatric review technique (PRT). 20 C.F.R. §§ 404.1520a(C)(3), 416.920a(C)(3).

The PRT requires the ALJ to consider the effect of the mental impairment on four broad areas of functioning known as the "paragraph B" criteria: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt and manage oneself. These criteria represent the areas of mental functioning a person uses in a work setting. *See* 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.00

(C). The findings related to the "paragraph B" criteria are not RFC findings, but rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. *See Chrismon v. Colvin*, 531 Fed.Appx. 893, 897-898 (10th Cir. 23013)(discussing the difference between PRT findings and RFC findings). The PRT findings are not expressed in work-related limitations and consequently are not appropriate for inclusion in the RFC or in the hypothetical questioning of a vocational expert. Rather, it is appropriate to include the work-related limitations that flow from those findings, which the ALJ did in this case.

The work-related mental limitations found to exist by the state agency experts were expressed in their mental RFC evaluations where they found Plaintiff can perform simple tasks with routine supervision and can relate to supervisors and peers on a superficial work basis. [R. 93, 111]. Those limitations were included in the hypothetical questioning of the vocational expert, [R. 71-72], and in the RFC, [R. 19-20]. Since the ALJ included work-related limitations flowing from the PRT findings, the undersigned finds no error in the ALJ's framing of the mental limitations in the hypothetical question and the RFC.

### Number of Jobs Identified

At step five of the evaluative sequence the ALJ determines whether the claimant is able to do any work existing in significant numbers in the national economy considering his age, education, work experience, and RFC. Plaintiff asserts that the ALJ failed to sustain the Commissioner's burden at step five because the number of jobs in the national economy for the jobs identified is 75,000, which Plaintiff argues is not a significant enough number. According to Plaintiff, in *Raymond v. Astrue,* 621 F.3d 1269, 1274 (10th Cir. 2010), the Tenth Circuit established 152,000 jobs as the standard for a significant number

of jobs. *Raymond* cannot be read as establishing any sort of minimum number of jobs. The undersigned finds that the number of jobs presents no basis for reversal of the ALJ's decision.

### **Conclusion**

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before December 18, 2019.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d

10

656, 659 (10th Cir. 1991)).  Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 5th day of December, 2019.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE