# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRETTLEY V.R., JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 18-CV-361-JED-FHM |
| v. | ) |
| | ) |
| ANDREW M. SAUL,[1] Commissioner of the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is the Report and Recommendation (R&R) of United States Magistrate Judge Frank H. McCarthy (Doc. 23), plaintiff's Objection (Doc. 24), and the defendant's response (Doc. 25). In the R&R, Judge McCarthy recommends that the Court affirm the decision of the Commissioner of the Social Security Administration (Commissioner) finding the plaintiff not disabled.

**I.     Standard of Review**

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." The Court's task

---

[1]     Effective June 17, 2019, Andrew M. Saul became the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Saul is substituted as the defendant in this action.

of reviewing the Commissioner's decision involves determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).

## II.     Discussion

In his Objection, the plaintiff argues that the Administrative Law Judge (ALJ) failed to find a significant number of jobs that plaintiff can perform, and the ALJ erred in fashioning the residual functional capacity (RFC). (Doc. 24 at 1). As to the first argument, the ALJ found that the plaintiff is able to perform a range of simple light work despite his impairments. Relying upon the vocational expert testimony, the ALJ found that the plaintiff could not perform his past work, but that he could perform the representative jobs of assembler, table worker, and sorter. Those jobs totaled approximately 75,000 in the national economy. The plaintiff asserts that the number was insufficient to satisfy step-five.

Judge McCarthy found that the number of jobs presented no basis for reversal of the ALJ's decision because the Tenth Circuit has not established a minimum number of jobs. (*See* Doc. 23 at 9-10, citing *Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2010)). The Court likewise finds no error in the ALJ's determination that 75,000 jobs was sufficient to satisfy step five. The Tenth Circuit has "declined to 'draw a bright line establishing the number of jobs necessary to constitute a 'significant number.'" *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992). The circuit has affirmed where 80,000 jobs were available. *See Jimison v. Colvin*, 513 F. App'x 789, 794 (10th Cir. 2013).

As to the plaintiff's second argument – that the ALJ erred in fashioning the RFC – the Court finds that the ALJ's decision is supported by substantial evidence and was fashioned utilizing the correct legal standards. Upon review of the record, the Court agrees with Judge McCarthy's observations that, while the ALJ did not discuss every record observation about plaintiff's medical status in his summary of the medical record, the ALJ's summary "accurately captured the overall picture." (Doc. 23 at 6-7). Judge McCarthy also correctly noted that there is no requirement that the RFC assessment be supported by uncontested evidence; rather, if must be supported by substantial evidence, as it is here. (*See id.* at 7). In *Biestek v. Berryhill*, __ U.S. __, 139 S. Ct. 1148 (2019), the Supreme Court reiterated that, "[u]nder the substantial evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficient evidence' to support the agency's factual determinations," and "the threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

### III. Conclusion

The Commissioner's fact findings are supported by substantial record evidence, and the correct legal standards were applied. The Court **accepts** the R&R (Doc. 23) and affirms the decision of the Commissioner. A separate Judgment will be entered.

SO ORDERED this 3rd day of November, 2020.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT